UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DOREEN B. CROSBY,

    Plaintiff,

  v.

JEFF BAZOS, *et al.*,

    Defendants.

:

:

Case No. 2:22-cv-716
Judge Sarah D. Morrison
Magistrate Judge Chelsea M. Vascura

## ORDER

This matter is before the Court on the motions to dismiss filed by remaining Defendants John Menard, Marvin Ellison, and Brian Cornell. (ECF Nos. 5, 10, 13.) Plaintiff has not responded to the motions. Claims against several other defendants have already been dismissed, (ECF No. 16), and adjudication of these three motions resolves the case.

### I.    BACKGROUND

Plaintiff Doreen Crosby alleges that Defendants infringed on her patent when they used a product called a "Push Auto Flame" without her permission. (ECF No. 8, Compl., PageID 55). Plaintiff purports to hold a patent on this product but submits only a provisional patent application in support of that assertion. (*Id.*, PageID 55–58.) She has not identified a patent number, and she did not respond to Defendants' argument that no patent has been issued from the application. Plaintiff also submits a hand-drawn image of the "Push Auto Flame" including notes about its components and function, along with what appears to be an image of an outdoor

gas fireplace (*Id.*, PageID 60–61.) The Complaint contains no additional factual allegations about the alleged infringement.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Without subject matter jurisdiction, a federal court lacks authority to hear a case. *Thornton v. S.W. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack under Rule 12(b)(1) "questions merely the sufficiency of the pleading[,]" and the trial court therefore takes the allegations of the complaint as true. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816 (6th Cir. 2017) (internal quotations omitted). To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016). A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations. *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015). This case involves the former.

When subject matter jurisdiction is challenged, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990); *Roulhac v. Sw. Reg'l Transit Auth.*, No. 07CV408, 2008 WL 920354, at *2 (S.D. Ohio Mar. 31, 2008).

### III. ANALYSIS

Each Defendant raises similar arguments in their respective motions to dismiss, including that the case should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). The Court addresses the motions together.

A motion to dismiss for lack of subject matter jurisdiction in a patent infringement case is properly brought under Rule 12(b)(1). *See Intellectual Ventures I LLC v. Erie Indemnity Co.*, 850 F.3d 1315, 1320–21, 24 (Fed. Cir. 2017). After the defendant has moved, the plaintiff carries the burden of establishing jurisdiction. *Zuravsky v. Smith*, 2016 WL 4179454, at *2 (S.D. Ohio Aug. 8, 2016) (King, M.J.) (citing *Michigan Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002)).

A "patentee" may bring a civil action for infringement of her patent. 35 U.S.C. § 281. Such action must "ordinarily be brought by a party holding legal title to the patent." *Propat Int'l Corp. v. Rpost, Inc.*, 473 F.3d 1187, 1189 (Fed. Cir. 2007) (citation omitted). It cannot be brought prior to a patent being issued. *Amgen, Inc. v. Genetics Inst., Inc.*, 98 F.3d 1328, 1332 (Fed. Cir. 1996).

Claims arising at the provisional patent application stage must be brought before the United States Patent and Trademark Office (USPTO), and so federal courts routinely dismiss such claims. *See Simic-Glavaski v. Lifeware Techs., Inc.*, 2008 WL 423414, at *1–*2 (N.D. Ohio Feb. 14, 2008) (dismissing the plaintiff's claim for lack of subject matter jurisdiction because disputes concerning provisional patents are within the purview of the USPTO); *Zuravsky*, 2016 WL 4179454, at *3

(same). As the Sixth Circuit has recognized, the law makes a clear distinction between patent applications and issued patents; disputes arising under the former are "solely within the authority" of the USPTO. *E.I. Du Pont de Nemours & Co. v. Okuley*, 344 F.3d 578, 584 (6th Cir. 2003).

Plaintiff has not alleged facts supporting that a patent has been issued for her "Push Auto Flame" product. She provides no patent number and does not respond to Defendants' argument that no patent exists. By not responding, Plaintiff has conceded Defendants' argument. *See Demsey v. R.J. Reynolds Tobacco Co.*, 2005 WL 1917934, at *2 (N.D. Ohio Aug. 10, 2005) (The plaintiff's failure to respond to the defendant's motion to dismiss may be properly treated "as a confession to [its] merit."). Her provisional patent application is not sufficient to establish that the Court has jurisdiction to hear the case under § 281, which assumes that a patent has been issued. The proper forum to resolve this dispute is the USPTO. Because Plaintiff has not alleged infringement of any issued patent, the Court lacks subject matter jurisdiction, and the case must be dismissed.

IV. **CONCLUSION**

For the foregoing reasons, Defendants' Motions to Dismiss (ECF Nos. 5, 10, 13) are **GRANTED**. The Clerk is **DIRECTED** to **TERMINATE** this case from the docket.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

4